### John L. Nelson & Bro. Co. v. London Guarantee & Accident Company.

#### Gen. No. 13,116.

1. PRODUCTION OF BOOKS—*when order requiring, proper.* An order permitting a casualty company to examine books and make memorandum therefrom is proper, where such company had guaranteed indemnity to the party whose books were in question upon the basis of a premium proportionate to the amount of the wages paid by the party so indemnified, the contract of indemnity giving the right to such an examination.

2. CONTEMPT—*when party guilty of, in disobeying order.* A party disobeying an order of court is guilty of contempt, even though the order be erroneous, if the court entering the same had jurisdiction of the parties and the subject-matter, and had power to make the order.

Action of assumpsit. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed March 18, 1907.

DEFREES, BRACE & RITTER, for plaintiff in error.

F. J. CANTY and R. J. FOLONIE, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

A motion to dismiss this writ of error was reserved till the hearing. The motion will be overruled.

The defendant in error was plaintiff and the plaintiff in error was defendant in the trial court, and will be so referred to in this opinion. In an action in *assumpsit* by the plaintiff, the court, February 26, 1906, entered an order in the cause, in substance as follows:

"That the defendant produce for inspection and examination of the plaintiff on February 27, 1906, at the office of the defendant, in Chicago, all day books, cash books, ledgers, journals, payroll and wage books, memoranda and writing, showing expenditures of the defendant from August 23, 1900, to August 23, 1901, of painters engaged in outside work, and painters, paper hangers, decorators, engaged in interior work in private dwellings, apartment houses and office buildings in Chicago and elsewhere, and including all employes of defendant during said period, excepting officers and office men; and like books, papers and memoranda showing expenditures from August 23, 1901, to August 23, 1902, for wages of employes, excepting officers and office men, in the business of defendant, as painters engaged in outside work, and painters, paper hangers and decorators in interior work in private dwellings and apartment houses at Chicago and elsewhere, and that defendant also pro-

duce like books and papers showing wage expenditures of the defendant for the services of employes from August 23, 1902, to August 23, 1903, and including all employes excepting officers and office men, in the business of the defendant as painters engaged in outside work, and painters, paper hangers and decorators in interior work in ·private dwellings, apartment houses and office buildings in Chicago and elsewhere, and that defendant likewise produce like books and papers showing wage expenditures of the defendant from August 23, 1903, to August 23, 1904, and including all employes of the defendant, excepting officers and office men, employed at Chicago and western and eastern states, in the business of the defendant, of painting, paper hanging and decorating, and that said books and papers shall be so left for the inspection and examination of the plaintiff, from 10 a. m. of February 27, 1906, to 5 p. m. of said date, and between like hours on the succeeding days until the examination of same is complete, *leave being given the plaintiff to make notations and memoranda of the same sufficient to determine the total expenditure of the defendant for the periods and for the persons specified;* and leave is given the defendant to seal all portions and parts of its books not relating to wage expenditures of defendant, as aforesaid.''

February 28, 1906, the defendant moved the court to expunge from the order the words above underlined, which motion the court, on the same day, denied, and on motion of the plaintiff, supported by affidavits, entered a rule on the defendant to show cause, by ten o'clock a. m., March 3, 1906, why defendant should not be punished for contempt of the court in failing to comply with the order of February 26, 1906. The defendant filed an answer to the rule and affidavits in support thereof. March 6, 1906, the court found the defendant guilty of contempt, in failing and refusing to comply with the order of February 26, 1906, and entered an order imposing on defendant a fine of $300. To reverse that order this writ of error was sued out.

The plaintiff, the London Guarantee & Accident Co.,

is engaged in the business of insurance, and the defendant, John L. Nelson & Bro. Co., was in the painting, paper hanging and decorating business. The plaintiff issued to the defendant certain policies indemnifying it "against loss from common law or statutory liability for damages, on account of bodily injuries, fatal or non-fatal, accidentally suffered within the period of this policy, by any employe or employes of the assured, while on duty, at the places and in the occupations mentioned in the schedule hereinafter given, in and during the continuance of the work described in the said schedule." Each policy contains the following clause:

"The premium is based on the compensation to employes to be expended by the assured during the period of this policy. If the compensation actually paid exceeds the sum stated in the schedule hereinafter given, the assured shall pay the additional premium earned; if less than the sum stated the company will return to the assured the unearned premium pro rata; but the company shall first retain not less than $50.00, it being understood and agreed that this sum shall be the minimum earned premium under this policy."

As stated in the argument of counsel for the defendant, the action is to recover additional premiums alleged to be due on account of indemnity policies issued by the plaintiff to the defendant, including a series of years, on the alleged ground that the amount expended by the defendant for wages was greater than the estimated amount of such expenditure at the times the policies were issued. Each policy contains this provision: "The company shall have the right and opportunity, at all reasonable times, to examine the books of the assured so far as they relate to the compensation paid to his employes, and also to inspect the plant, works, machinery and appliances used in his business."

Counsel for defendant contend that the part of the order of February 26, 1906, which is in these words,

"leave being given the plaintiff to make notations and memoranda of the same, sufficient to determine the total expenditure of the defendant for the periods and for the persons specified," is broader than the contract between the parties. The inquiry as to the expenditure of the defendant for wages, on the amount of which the premiums to be paid depends, involves an examination of the defendant's books for several years, and we think it obvious that merely looking over the books, without the privilege of making notations or memoranda of their contents, in respect to expenditures for wages, would be wholly insufficient to enable the plaintiff to compute such expenditures. The contract is, "The company shall have the right and opportunity, at all reasonable times, to examine the books of the assured, *so far as they* relate to the compensation paid to his employes," and the order limits notations and memoranda to such as are "sufficient to determine the total expenditure of the defendant for the periods and for the persons specified." We do not think the order too broad, but even if it were, the defendant would be bound to obey it, as the court had jurisdiction of the parties and the subject-matter, and power to make the order. Swedish-Am. Tel. Co. v. Casualty Co., 208 Ill. 562, 572.

By the order of March 6, 1906, imposing a fine on defendant, the defendant is directed to pay the fine to the clerk of the court by March 8, 1906, and that in default thereof execution issue. Counsel contend that the order is fatally defective, in that it fails to provide how the fine shall be disposed of. The cases cited by counsel do not support this contention.

We cannot sustain the contention that the fine is excessive.

The judgment will be affirmed.

*Affirmed.*